Rockingham, }
  Dec., 1898. }

ROLLINS, *Ex'r, & a.* v. HAVEN *& a.*

A bequest of "my residuary property" will not include that which the testatrix, in the execution of a power, had added to her residue to be disposed of according to directions in her will, when it appears that she had a different intention.

Such intention is shown by bequeathing the property as distinct from her residuary property by a will made after the execution of the power.

A bequest of "my residuary property, of whatever amount it may be," which provides that the fund shall accumulate until it amounts to a fixed sum, does not limit the bequest to such sum, when there is no evidence that the testatrix did not have all her property in mind.

BILL IN EQUITY, for instructions, brought by trustees under the wills of Eliza Wentworth Haven, Charlotte Maria Haven, and Eliza Appleton Haven. Facts found by the court.

Eliza Wentworth Haven died in 1883, leaving her property by will to her "daughters, Charlotte Maria Haven and Eliza Appleton Haven, and the survivor of them, with full liberty to use the income and principal thereof at their discretion." All that might remain at the decease of the survivor she gave to trustees, to be disposed of according to a letter of instructions referred to in and made a part of her will, but which was not to be opened until the death of the survivor of the daughters. By this letter she gave sundry legacies, and the residue one half to the grandchildren of John Haven and one half to the grandchildren of Nathaniel Appleton Haven. She also gave to the daughters, or either of them, power to change the instructions.

February 14, 1885, the daughters executed a modification of the mother's letter of instructions. They changed many of the

legacies, and disposed of the residue as follows : " The residuary property of the late Eliza Wentworth Haven to be added to the residuary property of Eliza Appleton Haven and of Charlotte Maria Haven, to be disposed of according to directions in the wills of said Eliza Appleton Haven and Charlotte Maria Haven."

In May, 1885, they made wills, each giving to the other a life estate and the remainder to trustees, to be disposed of according to letters of instructions. Each will and letter of instructions contained the following provision : " I also give, devise, and bequeath any and all interest I have, or might have, in and to any part of the property of my mother, the late Eliza Wentworth Haven, to the survivors or survivor of the trustees named in her will, to be disposed of by them according to the ' letter of instructions ' given by my said mother for such disposition, but as modified by myself and my sister according to the power given to us by her, for such modification." Each letter of instructions disposed of the residue of the testatrix's estate in the same manner as the mother had disposed of hers by her letter of instructions.

Charlotte Maria Haven died in December, 1893. In January, 1895, Eliza Appleton Haven made a codicil to her will in which she declared that the wills of her mother and sister were parts of her own, gave numerous pecuniary legacies, and then provided as follows : " I hereby revoke clauses eight, nine, and twelve, in the directions to the trustees in my will concerning the disposition of my residuary property, and I hereby give, devise, and bequeath to . . . the trustees of Smith College, an institution of learning, located in Northampton, Massachusetts, my residuary property of whatever amount it may be, to be used for astronomical purposes. If this amount should be three thousand dollars ($3,000) or over, then this sum is to be kept for a permanent fund, to be called the Haven fund ; and the yearly income thereof is not to be used, but to be added yearly to the principal until the sum of ten thousand dollars ($10,000) is accumulated. Then the yearly income of said Haven fund is to be used for astronomical purposes. If said remainder of my property should be less than three thousand dollars ($3,000), said sum can be used by the trustees of said Smith College for any immediate astronomical purposes which they may deem best."

Eliza Appleton Haven was a business woman. After the decease of her mother and sister she managed the three properties, keeping them separate, and she knew in a general way the value of each. The residue of her estate is about $37,000.

*William H. Rollins,* for the plaintiffs.

*Frink & Marvin*, for certain grandchildren of John Haven and Nathaniel Appleton Haven.

*Samuel W. Emery* and *William A. Hayes*, 2d (of Massachusetts), for other grandchildren.

*Richard W. Hale* and *Frank W. Grinnell* (both of Massachusetts), for other grandchildren.

*Page & Bartlett*, for the trustees of Smith College.

PEASLEE, J.  Two questions are presented for decision: (1) Did the residuary clause of the codicil to Eliza Appleton Haven's will include her interest in her mother's estate? (2) Did it give the whole residue, or only the whole provided it did not exceed ten thousand dollars?

1.  Did the phrase, "my residuary property," as used in the codicil, include any portion of the mother's estate?  By the mother's letter of instructions the residue of her estate was given to relatives.  By the execution of the power given to the daughters, it was to be added to their residuary property, to be disposed of according to directions in their wills.  A few weeks after the execution of this power they each made a will, and each provided that her interest in the mother's estate should go to her trustees or the survivor of them, to be disposed of according to her letter of instructions, as modified by the daughters.  In the will of each daughter the residue of her own property was given to three trustees, two of whom were of those appointed by the mother and one was not.  Although the residue of the daughters' property was to go to the same legatees as the residue of the mother's, it went through the hands of different trustees.  The daughters treated the residue of the mother's estate as something distinct from their own property, and understood that their interests in it were disposed of by the clauses affirming her letter of instructions as modified by them.  The language used in this paragraph of Eliza Appleton Haven's will, the fact that she therein assumed to dispose of all her interest in her mother's estate as a thing separate and distinct from the "residue of my property" which she disposed of in the next paragraph, shows that she did not understand that her residuary clause applied to any part of her mother's estate.  When she made the codicil she reaffirmed the provision as to her interest in her mother's estate, declared that her mother's and sister's wills were parts of her own, and then made a change in the disposition of "my residuary property."

From the time the mother made her will until Eliza Appleton Haven made this codicil, one common plan for the disposition

of the residue of these three estates had been followed. It was to go to the two Haven families. While this would not control a different disposition subsequently made, it is important evidence to be weighed in determining the meaning of a provision whose import is in doubt. The residue of the estate of Eliza Wentworth Haven goes to the descendants of John Haven and Nathaniel Appleton Haven.

2. By the last paragraph in the codicil to Eliza Appleton Haven's will, she gives to the trustees of Smith College " my residuary property of whatever amount it may be," and provides that if it is three thousand dollars or over it shall be allowed to accumulate until it amounts to ten thousand dollars. The residue is about thirty-seven thousand dollars; and it is argued that only ten thousand dollars passed by this provision, and that she died intestate as to the balance. But the words, " of whatever amount it may be," have so plain a meaning that they are not limited by the provision that the fund shall accumulate until it amounts to ten thousand dollars. It is probable that she then thought that the residue was less than ten thousand dollars. To her mind, no less sum than that would be a suitable permanent fund. If it was more, there was no occasion for any provision as to accumulation. The codicil was made some time before her decease, and, as she was receiving a large income, it is more than probable that her assumption that her residue would not exceed ten thousand dollars was at that time well founded. But as time went on and her estate increased, she chose to let this provision stand as it was.

While there are cases which hold that a clause purporting to dispose of the residue may not transfer all the testator's property not otherwise disposed of, it will be found that they are based upon evidence showing that the testator could not have had all his property in mind. No such facts appear in this case, and the only construction that will give effect to the testatrix's words, " of whatever amount it may be," is one that disposes of the whole residue. The trustees of Smith College take the residue of the individual estate of Eliza Appleton Haven.

*Case discharged.*

Pike, J., did not sit : the others concurred.